UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ARVIL RUNYON,

Plaintiff,

v. Civil Action No. 2:12-1394

LONNIE HANNAH, in his individual capacity and official capacity as Sheriff of the Mingo County Sheriff's Dept., JOE SMITH, in his individual capacity and official capacity as Sergeant of the Mingo County Sheriff's Dept., MICHAEL MILLER, in his individual capacity and official capacity as a Deputy of the Mingo County Sheriff's Dept., and the MINGO COUNTY COMMISSION, a political subdivision of the State of West Virginia,

Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion by the plaintiff Arvil Runyon for judgment as a matter of law and for a new trial, filed July 9, 2013.

## I.

This dispute arose out of a confrontation between Mr. Runyon and members of the Mingo County Sheriff's Department. Those departmental members are former Sheriff Lonnie Hannah ("Hannah"), Sergeant Joe Smith ("Smith"), and Deputy Michael

Miller ("Miller"). On February 21, 2012, Mr. Runyon was arrested for battery of an officer and arraigned the same day. The magistrate court in which he was arraigned is located on the third floor of the Memorial Building in Mingo County.

Mr. Runyon, who walks with the assistance of a cane, alleged that he was denied a reasonable accommodation for his disability and instead forced to walk up three flights of stairs for the arraignment. He claimed that the individual defendants' alleged failure to provide him a reasonable accommodation violated portions of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(c).

On June 18, 2013, a jury trial commenced. On June 20, 2013, the jury returned a verdict in favor of the defendants. The panel answered "NO" to interrogatories asking whether Mr. Runyon had proven his Section 1983 claims against Sergeant Smith and Deputy Miller. That same answer came in response to whether Sergeant Smith and Deputy Miller denied Mr. Runyon a reasonable accommodation. The jury also found that Mr. Runyon failed to prove his negligent training claim. On June 21, 2013, the court entered the Judgment in favor of the defendants.

In moving for judgment as a matter of law and for a new trial, Mr. Runyon asserts that the verdict is contrary to

the weight of the evidence. He contends that an extended conversation in which the individual defendants offered Mr. Runyon a reasonable accommodation, which he refused, could not have taken place as described at trial inasmuch as a surveillance video shows that the exchange lasted only fifteen seconds.

II.

A. Governing Standard

Federal Rule of Civil Procedure 50(b) provides as follows:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment -- or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged -- the movant may file a renewed motion for judgment as a matter of law . . . . In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

(Fed. R. Civ. P. 50(b)).

The applicable federal standard governing a Rule 50(b) motion is summarized as follows:

> Under Fed.R.Civ.P. 50(b), the question is whether a jury, viewing the evidence in the light most favorable to [the nonmovant], "could have properly reached the conclusion reached by this jury." If reasonable minds could differ about the result in this case, we must affirm the jury's verdict. . . .

Bryant v. Aiken Regional Medical Centers Inc., 333 F.3d 536, 543 (4th Cir. 2003) (citations omitted); International Ground Transp. v. Mayor And City Council Of Ocean City, 475 F.3d 214, 218-19 (4th Cir. 2007)("When a jury verdict has been returned, judgment as a matter of law may be granted only if, viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party."); Tools USA and Equipment Co. v. Champ Frame Straightening Eqpt. Inc., 87 F.3d 654, 656-57 (4th Cir. 1996) (citations omitted) ("Champ argues that the district judge erred in denying its motions for judgment as a matter of law with respect to both liability and damages. A court may only grant a motion for judgment as a matter of law (formerly j.n.o.v.) if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court "determine[s] that the only conclusion

a reasonable trier of fact could draw from the evidence is in favor of the moving party."); Hetzel v. County of Prince William, 89 F.3d 169, 171 (4th Cir. 1996).

Respecting the new trial component, Rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. Proc. 59(a). For example, a trial judge may grant a new trial if he is of the opinion that the verdict is against the clear weight of the evidence or is based upon evidence which is false or will result in a miscarriage of justice. Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft, 828 F.2d 1033, 1043 (4th Cir. 1987); Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 892 (4th Cir. 1980); Williams v. Nichols, 266 F.2d 389, 392 (4th Cir. 1959).

B. Analysis

Reduced to its essence, Mr. Runyon's challenge to the jury verdict is premised on his belief that the panel erred in weighing the evidence. That is not a basis for upsetting the verdict. The question of whether a reasonable accommodation was offered was committed to the fact finder. The evidence on the

point was disputed. In reviewing the jury's Seventh Amendment-based resolution of that conflict, the court is unable to conclude, with the evidence taken in the light most favorable to the defendants and drawing every legitimate inference in their favor, that the panel reached a result contrary to what a reasonable trier of fact would have found. Neither is the court of the opinion that the verdict was against the clear weight of the evidence or otherwise susceptible to a set-aside under Rule 59(a).

It is, accordingly, ORDERED that Mr. Runyon's motion for judgment as a matter of law and for a new trial be, and hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties.

DATED: November 25, 2013

John T. Copenhaver, Jr.
United States District Judge